# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:23-cr-181-CEH-TGW

ERIC L. LEMON

_____

## ORDER

This matter comes before the Court on Defendant Eric L. Lemon's Motion to Sever Count Eleven of the Superseding Indictment (Doc. 178), and the Government's response in opposition (Doc. 192).

Upon review, and being fully advised in the premises, the Court will deny the motion.

**I.   Background**

In the Superseding Indictment, Lemon and three co-defendants are charged with ten counts related to a conspiracy to possess narcotics with intent to distribute. Doc. 68.  Count Eleven charges Lemon alone with being a felon in possession of a firearm. *Id.*  The charges stem from the execution of a search warrant at a multifamily residence in St. Petersburg, Florida, following an undercover operation. Doc. 192 at 2.  The Government alleges that various narcotics and firearms were recovered from a studio apartment, from which the coconspirators had obtained the narcotics they sold to undercover law enforcement officers. *Id.* at 2-10.  The Government further alleges

that Lemon's DNA was found on one of the recovered firearms, which Lemon is charged with possessing. *Id.* at 3.

Lemon and one of his codefendants have pleaded guilty to the narcotics-related counts of the Superseding Indictment. *See* Docs. 183, 212.[1] This action is scheduled for a date certain jury trial on October 28, 2024. Doc. 216.

Lemon now moves to sever the remaining count against him, Count Eleven, from the narcotics-related counts against his remaining codefendants. Doc. 192. He argues that there would be significant prejudice to him in being tried with his codefendants while the Government presents evidence of their narcotics dealing. *Id.* at 4. He would stipulate that the residence was used for narcotics storage and distribution, which would allow a separate trial on Count Eleven to focus solely on evidence related to the firearm itself, creating judicial efficiency. *Id.* Lemon also notes that he would consent to a bench trial for Count Eleven. *Id.* at 5. Finally, he represents that he cannot be ready for trial on Count Eleven in October because of delays in obtaining the DNA evidence, which he intends to retain an expert to review. *Id.* at 5-6. However, at a pretrial status conference on September 17, 2024, Lemon's attorney conveyed that he would be ready for trial as scheduled.

Responding in opposition, the Government argues that Lemon failed to demonstrate that a joint trial would cause "specific and compelling prejudice" to his defense, and that his allegations of prejudice are "conclusory," which the Eleventh

---

[1] A second codefendant has signed a plea agreement but has not yet pleaded guilty. *See* Doc. 218.

Circuit has held does not suffice to warrant severance. Doc. 192 at 7-8. In addition, the Government asserts that it would also offer evidence of the narcotics dealing in a separate trial on Count Eleven, because the evidence would be relevant and admissible and the Government is not required to accept Lemon's offer to stipulate to it. *Id.* at 8-9.

Lemon did not move for leave to file a reply in support of his motion to sever, and he did not file any other pretrial motions before the deadline expired.

## II.  Discussion

Under the Federal Rules of Criminal Procedure, an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged…are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Further, "[i]f the joinder of offenses…in an indictment…appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *Id.* at 14(a).

Rule 14 leaves the question of severance "within the sound discretion of the trial judge," and the court's decision "will not be disturbed" absent "a showing of abuse of discretion." *United States v. Grapp*, 653 F.2d 189, 192 (5th Cir. 1981);[2] *see United States v. Lopez*, 649 F.3d 1222, 1235 (11th Cir. 2011) ("The decision of whether to grant a

---

[2] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

severance under the circumstances that present themselves in a particular case lies within the district court's sound and substantial discretion.").

"In deciding a Rule 14 motion for severance the trial court must balance the right of a defendant to a fair trial against the public's interest in efficient and economic administration of justice." *United States v. Zielie*, 734 F.2d 1447, 1464 (11th Cir. 1984), *abrogated on other grounds by Bourjaily v. United States*, 483 U.S. 171 (1987); *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985). Severance must be granted where a defendant demonstrates that a joint trial will result in "specific and compelling prejudice." *Zielie*, 734 F.2d at 1464; *United States v. Castronuovo*, 649 F. App'x 904, 918 (11th Circ. 2016).

Here, the Court exercises its discretion to conclude that a joint trial on Count Eleven and the narcotics counts against Lemon's codefendants would not "appear to prejudice" Lemon. *See* Fed. R. Crim. P. 14(a). The Government argues, and Lemon has not disputed, that it would present the same evidence of the coconspirators' narcotics dealing in a separate trial on Count Eleven only. Lemon has not moved to preclude that evidence. The Court agrees with the Government that there is no judicial economy to be gained from a separate trial if the same narcotics-related evidence would be presented in both trials. Lemon has not identified any other form of prejudice that he would suffer from a joint trial. Moreover, his recent representation that he will be ready for trial on October 28 eliminates his stated concern about delaying a joint trial. The motion to sever is therefore due to be denied.

Accordingly, it is **ORDERED**:

1. Defendant Eric L. Lemon's Motion to Sever Count Eleven of the Superseding Indictment (Doc. 178) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties